[Docket No. 3]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| GLORIA GOMEZ,<br><br>   Plaintiff,<br><br> v.<br><br>FELICIA WILSON,<br>CLEAR CHOICE DENTAL<br>IMPLANT CENTERS, and<br>JOHN DOES/JANE DOES A-Z,<br><br>   Defendants. | Civil No. 21-7888 (RMB/SAK)<br><br>OPINION |

**APPEARANCES**

Robert Francis Gold
Gold, Albanese & Barletti, Esqs.
48 South Street
Morristown, NJ 07960

  *On behalf of Plaintiff*

Ellen Nunno Corbo
Burns White LLC
457 Haddonfield Road, Suite 510
Cherry Hill, NJ 08002

  *On behalf of Moving Defendants*

**RENÉE MARIE BUMB, United States District Judge**

  This matter comes before the Court upon the Motion to Dismiss for Lack of Subject Matter Jurisdiction, Lack of Personal Jurisdiction, Insufficient Service of Process, and Failure to State a Claim upon which Relief Can Be Granted by

Defendants Felicia Wilson ("Wilson") and Clear Choice Dental Implant Centers ("Clear Choice," and together with Ms. Wilson, the "Moving Defendants"). [Docket No. 3.] For the reasons set forth below, the Moving Defendants' motion will be ADMINISTRATIVELY TERMINATED, and by no later than thirty (30) days from the date hereof, Plaintiff Gloria Gomez ("Plaintiff" or "Gomez") shall SHOW CAUSE by filing a written submission on the docket to explain why her Complaint should not be dismissed by this Court for the reasons set forth below.

I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff initiated the current action by filing the Complaint on April 5, 2021 [Docket No. 1] – more than one year after she filed a nearly-identical complaint in the Superior Court of New Jersey Law Division: County of Morris on May 15, 2020. [*See* Docket No. 3-1, at 23.] In the Complaint, Plaintiff alleges medical malpractice, specifically, that she came under the care of Defendant Wilson, a dentist and the owner of Clear Choice, "on or about May of 2018. . . for purposes of dental implants," after which she experienced extreme pain and discomfort. [Docket No. 1, at ¶ 10.] Ms. Gomez alleges that Defendants deviated from acceptable standards of medical care/treatment by failing to exercise the reasonable level of skill/knowledge/care customarily required of "prosthodontists"/dentists; failed to adequately inform her of the proposed procedure, the associated risks/complications, and alternative forms of treatment; failed to properly conduct her examinations, monitor her condition, and order appropriate diagnostics/tests/referrals; and that

Ms. Wilson misrepresented her abilities, training, and qualifications to Ms. Gomez. [*Id.* at 3-9.]

The Complaint states that this Court has federal question jurisdiction over this matter and that venue is proper for the following reasons: "Defendants reside in and have principal places of business in the States of Pennsylvania and New Jersey. Plaintiff underwent dental procedures in the state of Pennsylvania. Plaintiff resides in the State of New Jersey." [*Id.* at 9.] The Complaint also expressly acknowledges that the New Jersey state court dismissed Plaintiff's claims, which it did with prejudice on November 6, 2020, "upon a finding that there was no personal jurisdiction. . . as Plaintiff had treated[sic] in Pennsylvania, [such] that New Jersey did not have jurisdiction over the parties." [*Id.* at ¶ 6.] In addition, Plaintiff has informed the Court in her Opposition Brief that "[a]n appeal has been taken regarding the [s]tate [c]ourt decision and that an [a]ppellate brief was filed on May 11, 2021." [Docket No. 5, at 6.]

## II.   LEGAL STANDARD

When considering a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Evancho v. Fisher*, 423 F.3d 347, 350-51 (3d Cir. 2005). It is well-settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

3

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted) (first citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957); then citing *Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994); and then citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

> To determine the sufficiency of a complaint, a court must take three steps. First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (alterations in original) (citations omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 675, 679 (2009)). A court may "generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." *Twombly*, 550 U.S. at 563 n.8 (quoting *Scheuer v. Rhodes*, 416 U.S.

4

232, 236 (1974)); *see also Iqbal*, 556 U.S. at 684 ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) ("*Iqbal* . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before *Twombly*."). "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Malleus*, 641 F.3d at 563 (quoting *Twombly*, 550 U.S. at 570).

### III.   ANALYSIS

The Court has identified four reasons why Plaintiff's Complaint does not appear to be properly before it. By no later than thirty (30) days from the date hereof, Plaintiff must show cause by filing a written submission on the docket to explain why the Court should not dismiss her Complaint. In her submission, Plaintiff must address each of the following four issues, which the Court has identified as independent grounds for dismissing or staying Plaintiff's federal lawsuit.

First, Plaintiff has failed to establish that this Court has subject matter jurisdiction over Plaintiff's case. In the Complaint, Plaintiff pled that "[f]ederal question jurisdiction is conferred pursuant to 28 U.S.C. § 1331." [Docket No. 1, at ¶ 8.] As an initial matter, the Court agrees with Moving Defendants and finds that nowhere in the Complaint does Plaintiff "allege a federal question[] or reference any federal law as the basis for any aspect of her claim." [Docket No. 3, at 4.] The Court also takes note that on the Civil Cover Sheet attached to the Complaint, Plaintiff checked the box for "diversity jurisdiction" as the basis for this Court's jurisdiction

[Docket No. 1, at 11], and despite pleading federal question jurisdiction in the Complaint, Plaintiff argues in her Opposition Brief that this Court has diversity jurisdiction because "it is undisputed that Plaintiff resides in the State of New Jersey and that she underwent a negligent dental procedure performed in the State of Pennsylvania." [Docket No. 5, at 3.] The Court finds that Plaintiff has not pled factual allegations sufficient to show that complete diversity of citizenship exists among the parties. Plaintiff has even alleged facts that may ultimately destroy diversity jurisdiction, specifically, that Clear Choice has principal places of business in both New Jersey (where Plaintiff resides) and Pennsylvania. [Docket No. 1, at ¶ 8.] Nevertheless, diversity jurisdiction has not been pled, and Plaintiff has not met her burden to establish this Court's subject matter jurisdiction over this dispute.

      Second, the Court finds that Plaintiff's Complaint may be precluded under the doctrine of *res judicata* as the Superior Court of New Jersey has already found that it lacked personal jurisdiction over these same defendants. "When one has been given the opportunity to fully present his case in a court and the contested issue is decided against him, 'he may not later renew the litigation in another court.'" *Purter v. Heckler*, 771 F.2d 682, 690 (3d Cir. 1985) (citing *Heiser v. Woodruff*, 327 U.S. 726, 733 (1946)). Here, the state trial court ruled in a major portion of its 17-page decision that it did not have personal jurisdiction over these same defendants. [*See* Docket No. 3-1, at 9-15.] Moving Defendants are also correct that if this Court found that it has subject matter jurisdiction, the inquiry would next turn to whether the Court has personal jurisdiction over the defendants. Again, the burden is on Plaintiff to allege

facts sufficient for the Court to find that it has personal jurisdiction, which Plaintiff has failed to do. In addition, Plaintiff has not provided a sufficient reason why the doctrine of *res judicata* does not preclude her from litigating an issue that the state court—in considering a nearly-identical complaint—has already ruled on, finding, specifically that these same defendants did not have sufficient contacts with the state of New Jersey "as the Defendants had no demonstrated activities involving the plaintiff in New Jersey at any time." [Docket No. 3-1, at 14.] The Court finds that Plaintiff has not pled any additional facts that call into doubt the state court's prior ruling regarding personal jurisdiction.

Third, the Court finds that Plaintiff has failed to establish that the Complaint is not time-barred by the applicable statute of limitations. The parties do not dispute that the applicable statute of limitations here is two (2) years. Plaintiff also alleges in her Opposition Brief that she pled incorrect facts in the Complaint, that she initially went under the care of Moving Defendants in 2016 and not in 2018, and that she was "advised of the negligent acts of Defendants in May 2018" when she was seen by another dentist. [Docket No. 5, at 5.] However, even assuming these facts as true, the Court finds that the applicable two-year statue of limitations would have run by April 5, 2021, the day Plaintiff filed her Complaint in federal court. Plaintiff argues that the statute of limitations is subject to equitable tolling in certain circumstances. [*Id.*] However, the Court notes that none of these circumstances permit tolling the statute of limitation because a plaintiff filed (or even tried out) her claims in the wrong forum.

Finally, the Court is concerned by the fact that the state court's prior decision is currently on appeal. Plaintiff shall also address whether the Court should stay the current action pending the appeal in state court, assuming this Court has subject matter jurisdiction, personal jurisdiction over the defendants, and Plaintiff's claims are not time-barred.

### IV.   CONCLUSION

For the foregoing reasons, Moving Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, Lack of Personal Jurisdiction, Insufficient Service of Process, and Failure to State a Claim upon which Relief Can Be Granted shall be ADMINISTRATIVELY TERMINATED, and by no later than thirty (30) days from the date hereof, Plaintiff shall SHOW CAUSE by filing a written submission on the docket to explain why her Complaint should not be dismissed by this Court for the reasons set forth herein. In the event Plaintiff fails to respond, the Complaint will be dismissed with prejudice for the above reasons.

<u>December 17, 2021</u>                                s/ Renée Marie Bumb
Date                                                                Renée Marie Bumb
                                                                          U.S. District Judge